UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 06-20173

v.

1) RICHARD G. CONVERTINO,          DISTRICT JUDGE
                                                  ARTHUR J. TARNOW

and

2) HARRY RAYMOND SMITH, III,

       Defendants.
_____/

**ORDER DENYING RICHARD CONVERTINO'S MOTION FOR ATTORNEY FEES [DE 203], DENYING CONVERTINO'S MOTION FOR SANCTIONS [DE 208], ADOPTING REPORT AND RECOMMENDATION [DE 210], AND GRANTING IN PART AND DENYING IN PART RAYMOND SMITH'S MOTION FOR REIMBURSEMENT [DE 197]**

Before the Court are the motions listed above, as well as the Report and Recommendation [DE 210] ("R&R") as to Raymond Smith's motion for reimbursement [DE 197]. No objections were filed against the Report and Recommendation.

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and briefs, and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), these motions will be decided on the briefs and without oral argument.

## I. DISCUSSION

### A. Report and Recommendation on Raymond Smith's motion for reimbursement of deposition costs

On March 12, 2008, Magistrate Judge Morgan issued a Report and Recommendation addressing Smith's motion for reimbursement of deposition expense. The R&R recommended that

the motion be granted in part, as to the $559 amount of deposition costs, but denied as to the travel expenses. The Court has reviewed the record in this case. No objections were filed.

The Report and Recommendation of the Magistrate Judge is hereby ADOPTED and is entered as the findings and conclusions of the Court.

## B. Richard Convertino's motion for attorney fees

Convertino filed a motion for reimbursement of attorney fees. The application was brought pursuant to the Hyde Amendment, 18 U.S.C. § 3006A, which incorporates the requirements of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See United States v. True*, 250 F.3d 410, 418 (6th Cir. 2001).

First, the motion appears untimely. The EAJA requires an application for fees be filed within 30 days of the Court's final judgment. 28 U.S.C. § 2412(d)(1)(B). Convertino was found not guilty of Counts 1 to 3 of the indictment on October 31, 2007, and the final count was dismissed on December 10, 2007. This application for fees was filed on January 10, 2008. By the Court's reckoning, the motion was therefore filed on the 31st day.

In addition, the motion could be considered abandoned. The EAJA requires

> [a] party seeking an award of fees and other expenses . . . [to] submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. *Id.*

The motion and supporting brief make no showing of Convertino's eligibility for the award. Nor does it provide the amount sought, nor the required itemized statement. Instead, the brief argues that the "relation back" doctrine applies to fee applications, and that case law implies that equitable tolling should be permitted. *See Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1869 (2004); *Townsend v. Comm'r Soc. Sec.*, 415 F.3d 578, 582 (6th Cir. 2005).

"Although equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect." *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002) (citations and internal quotation marks omitted). Equitable tolling is evaluated on a case-by-case basis. *United States ex rel. Bledsoe v. Community Health Systems,* Inc. 501 F.3d 493, 519 (6th Cir. 2007). Analysis of equitable tolling applies a five-factor test, although the factors are considered non-exhaustive. *Id.* Those factors

2

include a lack of actual notice of filing requirements, lack of constructive knowledge, and diligence in pursuing one's rights. *Id.*

Convertino makes no showing of those factors or any others, and provides no support for his contention that equitable tolling would apply. A footnote in his motion for sanctions, on February 13, 2008, stated "his intention to supplement his motion with a substantive motion at a later date." Def. Mot. to Show Cause, docket entry 208, 1 n.1. As it is nearly four months from the filing of the original motion for application of fees, and no supplemental pleadings have been filed, the fee application could be considered abandoned.

Regardless of its procedural ripeness or lack thereof, the application for fees under the Hyde Amendment fails on the merits. The Hyde Amendment

> requires the applicant to prove that the government's position was "vexatious, frivolous, or in bad faith." Thus, under the plain meaning of these provisions, an applicant must: (1) apply for fees and expenses within 30 days of the final judgment, (2) allege that the United States's position was vexatious, frivolous, or in bad faith, (3) allege that he prevailed, (4) allege that he is an eligible "party" under § 2412(d)(2)(B), (5) allege the amount sought, and (6) include an itemized statement from his attorney or expert stating the actual time spent and the rate at which the fees and expenses were computed.

*True*, 250 F.3d at 419 (citations omitted).

The Hyde Amendment expressly established a higher standard than the EAJA's government burden to demonstrate "substantial justification." *Id.* The defendant's burden under that amendment "places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges." *Id.* at 423 (citing *United States v. Gilbert*, 198 F.3d 1293, 1302-03 (11th Cir. 1999)).

*True* defines two of the criteria a defendant may prove:

> "Vexatious" is defined as "without reasonable or probable cause or excuse." "Bad faith" is defined as "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will."

*Id.* (citing *Gilbert*, 198 F.3d at 1298-99; Black's Law Dictionary).

A "frivolous" charge, the third category, is defined as "one lacking a reasonable legal basis or where the government lacks a reasonable expectation of [obtaining] sufficient material evidence by the time of trial." *United States v. Isaiah,* 434 F.3d 513, 520 (6th Cir. 2006) (quoting *United*

3

*States v. Heavrin*, 330 F.3d 723, 729 (6th Cir. 2003)). As to any of the grounds, "acquittal alone is not the standard for an award under the Hyde Amendment." *True*, 250 F.3d at 424.

Under the definitions above, Convertino has not met the defendant's heavy burden to demonstrate vexatious, frivolous charges, or those filed in bad faith. By failing to submit the promised "substantive motion," Convertino has never asserted a factual basis to find any of those conditions.

Viewing the Government's evidence as an "inclusive whole." *Heavrin*, 330 F.3d at 730 (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990)), the Court finds that its position was not "vexatious, frivolous, or in bad faith."

First, Convertino's allegations of vindictive prosecution are based on the "unprecedented" nature of prosecuting for *Brady* violations. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). However, a novel interpretation of law may support charges, as long as it is reasonable. *Heavrin* expressly stated that defining

> "frivolous" [as] encompassing the phrase "without some legal precedent" is too restrictive. The government should be allowed to base a prosecution on a novel argument, so long as it is a reasonable one, without fear that it might be setting itself up for liability under the Hyde Amendment. Just because the government lacks "precedent" does not automatically mean that its position is frivolous. 330 F.3d at 729.

More importantly, this Court previously determined that in fact Counts 1 to 3 were not based solely on *Brady* violations. Tr. Aug. 28, 2007, Mot. Hr'g., docket entry 116, 48.

In addition, while the fact that a grand jury brought an indictment is not considered evidence that a charge was not frivolous, that the district court denied a Rule 29 motion is. *United States v. Manchester Farming Partnership*, 315 F.3d 1176, 1184 (9th Cir. 2003); *accord United States v. Gugnani*, 178 F.Supp.2d 538, 542-43 (D.Md. 2002); *United States v. Pritt*, 77 F.Supp.2d 743, 747 (S.D.W.Va. 1999). In the instant case, on October 26, 2007, the Court denied Defendants' Rule 29 motions. Docket entry 184.

Neither may the criterion of "vexatious" be demonstrated on this record. *Manchester Farming Partnership*, 315 F.3d at 1182.

> "Vexatious" has both a subjective and objective element: subjectively, the Government must have acted maliciously or with an intent to harass Appellants; objectively, the suit must be deficient or without merit.

4

*Id.* (citing *United States v. Sherburne*, 249 F.3d 1121, 1126 -1127 (9th Cir. 2001); *accord*, *Gilbert*, 198 F.3d at 1299.

Again, by denying Defendants' motion for Rule 29, the Court found the charges had merit. And Convertino has offered no evidence that the Government's motivations were malicious or had the purpose to harass.

Similarly, bad faith has not been demonstrated. Reviewing the Government's evidence as an inclusive whole, witnesses testified that Defendant Smith took pictures of the hospital in Jordan alleged to be the subject of a "terrorist casing sketch" in the *Koubriti* terrorism trial. However, when questioned on the stand by then-AUSA Convertino, witness Smith said he did not take any pictures, nor could he have done so. In addition, evidence indicated that Convertino received pictures of the same area taken by another agent, and that he had acknowledged that receipt with a "thanks" via email. However, Convertino denied on the record in the *Koubriti* trial that any photographs existed.

Bad faith implies conscious wrongdoing, accompanied by "ill will," or "dishonest purpose or moral obliquity." In the face of the above and other evidence of record, it was not wrongdoing for the Government to bring charges of obstruction of justice. Accordingly, Convertino has not shown that it was bad faith to bring this prosecution.

Under the definitions above, Convertino has not met the defendant's heavy burden to demonstrate vexatious, frivolous charges, or those filed in bad faith. Even disregarding the initial untimely filing, by failing to submit the promised "substantive motion," Convertino has never asserted a factual basis to find any of those conditions. Defendant Convertino's motion is DENIED.

**C. Richard Convertino's motion for contempt sanctions**

The sanctions motion charges that the Government "gratuitously and maliciously" released its "other acts" evidence in its response to Convertino's attorney fees motion. He seeks to strike its February 8, 2008 response to the motion for fees from the public record, as well as an order for the Government to show cause why it should not be held in contempt of this Court's order of September 10, 2007.

A contempt ruling requires clear and convincing evidence that a party violated a definite and specific order, and ambiguities must be resolved in favor of the person charged with contempt. *United States v. Conces*, 507 F.3d 1028, 1042 (6th Cir. 2007) (quoting *Grace v. Ctr. for Auto Safety*,

72 F.3d 1236, 1241 (6th Cir.1996)). In the absence of such clarity in the order itself, or clear evidence of the violation, a finding of contempt is inappropriate. *Id.*

Here, the order sealing the Rule 404(b) evidence was simply characterized as granted "for the reasons stated on the record," at the motion hearing held on August 28, 2007. The transcript of that hearing, docket entry 116, as well as the underlying, still sealed motion, indicated that interest protected was the prevention of pre-trial publicity and tainting of the jury pool. No duration for the sealing of the evidence was indicated when the order was entered. In addition, the Court held in abeyance the question of use for impeachment. The September 10, 2007 order is therefore ambiguous as to duration and extent of protection. It does not support a contempt sanction for its potential violation.

Furthermore, to respond to the Hyde Amendment fees motion, the Government was obligated to demonstrate it had sufficient evidence to prove all elements at trial. *Isaiah,* 434 F.3d at 520. By alleging that the Government's actions were frivolous, Convertino opened the door for its release of all the evidence available to it. *United States v. Knott*, 256 F.3d 20, 35 (1st Cir. 2001) ("For Hyde Amendment purposes, however, the court must assess the basis for pursuing charges from the perspective of the government at the time.").

As to the FERPA violation, FERPA provides no private cause of action, nor any basis for this Court to act. The statute is actually directed to educational institutions. *See Gonzaga University v. Doe*, 536 U.S. 273, 287, 122 S.Ct. 2268, 2277 (2002) ("FERPA's provisions speak only to the Secretary of Education, directing that '[n]o funds shall be made available' to any 'educational agency or institution' which has a prohibited 'policy or practice.'") (citing 20 U.S.C. § 1232g(b)(1)). Furthermore, it is not a violation for such an institution to provide information in response to a government subpoena. *Victory Outreach Center v. City of Philadelphia*, 233 F.R.D. 419, 420 n.1 (E.D.Pa. 2005).

## II. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Smith's Motion for reimbursement of deposition costs [DE 197] is GRANTED in part, in the amount of $559, and DENIED in part.

IT IS FURTHER ORDERED that Convertino's Motion for attorney fees [DE 203] is DENIED.

IT IS FURTHER ORDERED that Convertino's Motion for sanctions [DE 208] is DENIED.

SO ORDERED.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary